CONVERSE et, Plaintiffs, v. WALKER, Defendant.

Common Pleas Court, Madison County.

No. 21133. Decided April 30, 1960.

124

*Messrs. Crabbe & Tanner*, for plaintiffs.
*Mr. Gilbert Kirby*, for defendant.

BAYNES, J. On July 18, 1959, plaintiffs filed a petition to quiet title to a farm of 273 acres. On December 12, 1959, an amended cross-petition was filed. It did not incorporate the answer, or refer to it, which was a part of the original answer and cross-petition. The amended cross-petition admits a conveyance, stating the agreed consideration was $30,000, which was not paid, and then states: "((the)) separate agreement was to insure protection of defendant if the $30,000 consideration was not paid by plaintiffs . . ."

The agreement was attached as an exhibit to the cross-petition, relating to consideration, it provides:

". . . in consideration of the transfer of the farm . . . ((they)) agree that if ((she)) becomes unable to take care of herself in any way ((they)) agree personally to provide whatever care is necessary in any manner whatsoever without necessity of resorting to any legal appointment. . . ."

It further alleges the agreement, executed October 12, 1954, was to insure the protection of cross-petitioner if the $30,000 was not paid and that sale of the farm lost the security of the agreement. The prayer is for judgment of $30,000 as damages.

To the cross-petition an answer was filed on January 6, 1960. It incorporates the matter of Exhibit "A," Plaintiff's Exhibit 1, into the answer and otherwise generally denies the allegations of the cross-petition.

On March 5, 1960, a reply was filed to the answer to the cross-petition. It alleges that the agreement was breached on two occasions. In 1958 cross-petitioner was seriously ill and again in 1960. At each time plaintiffs were notified cross-petitioner was unable to take care of herself and plaintiffs provided no care and assistance that was necessary in any manner.

It ought to be made clear at the outset that this is not, and cannot be, an action for rescission for failure of consideration. Where promises are the basis for contract, which are to be

performed in the future, the failure of such promise or consideration only gives rise to an action for damages. See 8 Ohio Jurisprudence 2d, 416, Sec. 25 and 11 Ohio Jurisprudence 2d, 327, Sec. 91.

On April 16, 1960, plaintiffs first moved to strike the reply and, second, for judgment on the pleadings. It is contended on the motion to strike:

1. The pleading is not authorized by terms of Section 2309.02, Revised Code.

2. The pleading styled a reply is an attempt to introduce new matter to sustain the cause of action attempted to be plead in the cross-petition.

As to the motion for judgment on the pleadings, plaintiffs contend that the amended cross-petition states no cause of action for the reason that the agreement of consideration does not state $30,000 or any other sum. That it is not alleged that the plaintiffs are in default of any promise contained in the agreement. (This, of course, is what cross-petitioner attempts to supply in her so-called reply.)

Section 2309.24, Revised Code, states the office of a reply to be:

"When an answer contains new matter, the plaintiff may reply to it, denying generally or specifically each allegation controverted by him. He also may allege, in ordinary and concise language, new matter, not inconsistent with the petition, constituting an answer to such new matter."

Nothing can be more plain than the fact that the answer to the cross-petition did not allege new matter. Other than denying the allegations of the petition, it admitted and got into the pleadings allegations of the agreements of the parties which cross-petitioner had merely attached as an exhibit to her pleading. Obviously, and properly so, this was for the anticipated purpose of a motion for judgment on the pleadings, since the cross-petition did not allege it and plaintiffs were unable to demur. This because such ruling must be made without reference to exhibits attached to the pleading and not a part thereof. 31 Ohio Jurisprudence, 674, Sec. 111.

As to the purported reply, plaintiffs' contention that it attempts to introduce new matter to sustain the cross-petition

is not subject to contradiction. There is no new matter alleged in the answer. There was nothing to controvert. The reply is not authorized by statute, practice, logic or reason. The motion to strike the reply should be sustained.

Assuming for the purpose of argument cross-petitioner's allegation that the consideration was $30,000 (based upon the fact Internal Revenue stamps indicating such value were attached to the deed), could be proved, then the action would be for debt and not for damages. On the other hand, the agreement of the parties was the giving and acceptance of a promise, not a sum of money. This is not and cannot be controverted. The breach of such promise—or continuing promise—can only give rise to an action in damages for each and every breach thereof.

It will be recalled that the reply alleged two such breaches, one in 1958 and the other in 1960. The claim for debt and the claim for damages, under these circumstances, is inconsistent and contradictory. They cannot co-exist in the same petition let alone the same cause of action on these admitted facts.

Surely as to the undisputed terms of the promise, no particular sum, as expressed consideration, no matter how many or few deed stamps were affixed, was contained in the agreement. Any evidence contradictory to the agreement offered by cross-petitioner would fly into the teeth of the Parol Evidence Rule. 21 Ohio Jurisprudence 2d, 648, Sec. 627. This is a rule of substantive law, therefore cognizable in analysis of the pleadings. When applicable, it defines the limits of the contract. 21 Ohio Jurisprudence 2d, 662, Sec. 638.

As to a damage theory, we perceive another, though not insurmountable, difficulty to exist. The agreement stated: ". . . if ((cross-petitioner)) becomes unable to take care of herself in any way ((plaintiffs)) agree personally to provide whatever care or assistance is necessary, in any manner whatsoever, without necessity of resorting to any legal appointment." If, as and when such care or assistance is to be financial is ambiguous and open to doubt. This, of course, could only be explained by evidence outside the written terms of the contract. In other words, it may be contended that the care and assistance contemplated was only personal. If so, such personal

promise would cease at the death of each of the parties. No provision was made if plaintiffs predeceased the cross-petitioner, none should be implied.

So is the place of performance in doubt. No limitation was placed as to plaintiffs' movements or condition. Assume a case where distance and circumstances would prevent or seriously hinder performance. For example, plaintiffs go to another state, country or continent in the normal course of events. Promisee asks for performance. Promisor offers to obtain another to render personal services to promisee or asks promisee to come to promisor's place to accept such service. Would this constitute a breach and if so to what extent?

This agreement was to render performance at some future time; contingently on the happening of an uncertain event; to an uncertain extent. This is a future conditional duty. Corbin on Contracts, v. 4, 807, Sec. 943. Such continuing or indefinite contract is capable of partial breaches or a single total breach which would substantially frustrate the purpose for which the contract was agreed to by the injured party (here cross-petitioner). Corbin on Contracts, v. 4, 841, Sec. 956. Where, as here, the duty is conditional and for an indefinite period the remedy may be an equitable one requiring a bond or creation of a trust fund, ibid at 842.

In view of what we have said that in an action for total breach from the evidence it might appear that future damages could not be granted as a matter of law because they would be subject to contingencies of too great uncertainty. That should in no way affect a right of action for any breaches in fact that may be alleged to have occurred at some future date.

As to the motion for judgment on the pleadings, we consider the same as a demurrer to the cross-petition, and upon that basis the same ought to be sustained for the reason that it pleads no cause of action in debt.

Entry with rule day and appropriate orders is accordingly concurrently filed.